■ ATLANTIC CONCRETE FOUNDATION, INC., Respondent, v BIRCHWOOD VILLAGE LIMITED PARTNERSHIP et al., Appellants. [861 NYS2d 802]—

Carpinello, J. Appeal from an order of the Supreme Court (Work, J.), entered March 22, 2007 in Ulster County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.

In this action, plaintiff claims that it is owed in excess of $177,000 for labor and materials provided to defendants in the course of a large-scale construction project. In particular, plaintiff provided concrete for foundations, footings, walls and slabs for over 12 buildings. It is undisputed that plaintiff made concrete deliveries to the construction site between December 2004 and April 2005 even though a formal written agreement was never tendered by defendant Rivergate Development, LLC, the general contractor, for execution by plaintiff until April 2005. Although ultimately signed by plaintiff's president, the agreement was never signed by anyone on behalf of Rivergate. In late April 2005, Rivergate, relying on provisions in the still unsigned contract, demanded that plaintiff provide test results regarding the strength of the previously-delivered concrete. This demand was made even though Rivergate acknowledged in its correspondence that "the concrete portion of the project was nearly complete."

Based upon the nonpayment of outstanding invoices, plaintiff refused to make any further deliveries of concrete and eventu-

ally initiated this action to collect the balance due. On this appeal from an order of Supreme Court denying defendants' motion for summary judgment, we affirm. On this record, at this juncture, there is a question of fact as to whether a legally enforceable agreement existed between the parties and, if so, whether its terms required plaintiff to provide defendants with test results or risk nonpayment (*compare Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397 [1977]). Accordingly, Supreme Court correctly denied defendants' application.

Cardona, P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.